857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl G. ABERNATHY, Defendant-Appellant,
 No. 87-5108.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: Aug. 3, 1988.
 
 Michael Edward Marr (Marr & Bennett, on brief), for appellant.
 Gary Patrick Jordan, First Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant Carl Abernathy appeals from a judgment of the district court convicting him of conspiracy to distribute and possession with the intent to distribute cocaine and heroin. We affirm.
 
 
 2
 The pertinent facts are undisputed. Abernathy was arraigned on October 24, 1986 for various activities arising out of a cocaine and heroin distribution ring. He was tried and convicted on April 27, 1987--approximately one hundred eighty-five days after his arraignment.
 
 
 3
 18 U.S.C. Sec. 3161 (1982) ("the Speedy Trial Act") provides that a defendant who pleads not guilty shall be tried within seventy days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. Sec. 3161(c)(1) (1982). However, 18 U.S.C. Sec. 3161(h)(7) excludes from this seventy day clock "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Finally, 18 U.S.C. Secs. 3161(h)(1)(F) and (J) exclude delays resulting from motions and the court's consideration of those motions. Defendant's contention on this appeal is simply that the one hundred eighty-five days from his arraignment until his trial represent an unreasonable delay which necessitates the reversal of his conviction.
 
 
 4
 Appellant's codefendants filed numerous pretrial motions and memoranda in this case. As late as April 9, 1987, a two hundred page memorandum was filed by one of appellant's codefendants. This memorandum was answered by the government on April 16, 1987, only eleven days prior to defendant's trial. The delay in the defendant's case coming to trial was not unreasonable as the district court properly excluded the time in which codefendant's motions were being made and considered.
 
 
 5
 If the delay in trial which was caused by the delay in disposing of the co-defendant's motions is excluded, the government complied with the requirements of the Act. It is the appellant's position, however, that the motions of the co-defendant were frivolous and the delay in disposing of them should not be excluded from the time requirements of the Act. Without deciding whether such a claim of frivolity in the motions of a co-defendant could ever warrant disregard of the Act's express exclusion of such delay in complying with the Act, we, after careful review of the motions of the co-defendant and the district court's disposition of such motions, find that the motions were not frivolous nor did the district judge unduly delay his decision on such motions.
 
 
 6
 Accordingly, the judgment of the district court is
 
 
 7
 AFFIRMED.